[Cite as *Brown v. Ohio Dept. of Job & Family Servs.*, 2022-Ohio-1218.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Terressa Brown, | : | |
| Appellant-Appellant, | : | No. 21AP-467 |
| | | (C.P.C. No. 20CV-4462) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Ohio Department of Job and Family Services et al., | : | |
| | : | |
| Appellees-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on April 12, 2022

**On brief:** *Law Offices of Gary A. Reeve*, and *Gary A. Reeve*, for appellant. **Argued:** *Gary A. Reeve*.

**On brief:** *Dave Yost*, Attorney General, and *David E. Lefton*, for appellee Ohio Department of Job and Family Services. **Argued:** *David E. Lefton*.

**On brief:** *James A. Barnes*, for appellee Columbus City Schools, Board of Education.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Appellant, Terressa Brown, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the Ohio Unemployment Compensation Review Commission ("commission") denying Brown's unemployment compensation benefits claim. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} From August 2014 until February 2020, Brown worked for Columbus City Schools as an instructional assistant. When Brown's employment terminated, she was working at Berwick Alternative K-8 School ("Berwick School"). On February 16, 2020, Brown applied for unemployment compensation benefits with the Ohio Department of Job and Family Services ("ODJFS"). A few weeks later, the director of ODJFS issued an initial determination disallowing Brown's application based on the finding that she was discharged for just cause from employment with Columbus City Schools. Brown appealed from this determination and, on April 8, 2020, ODJFS transferred jurisdiction to the commission.

{¶ 3} In April 2020, a commission hearing officer held a telephone hearing concerning Brown's claim. Columbus City Schools manager of employer relations, Mary Ann Baum, testified regarding the results of an investigation concerning Brown. The investigation revealed that a Berwick School student's parent had reported to the Columbus City Schools administrative office that Brown had informed her that the Berwick School principal and assistant principal were physically abusing the student, and that Brown had video recorded the abuse. According to Baum, Brown did not report the alleged abuse, which was found to have no validity, to an administrator or to Franklin County Children Services. Baum further indicated that Brown violated Columbus City Schools employee policies by not properly reporting the alleged abuse and by video recording a staff member and student without proper authorization.

{¶ 4} Brown also testified at the administrative hearing. She explained that, in November 2019, she met with the student and his mother to discuss issues he was having at school. During that conversation, the child alleged the school's assistant principal had forced him to stay under his desk and had "hit him with the belt on his upper right thigh." (Record of Proceedings at E3219-C73, Apr. 21, 2020 Tr. at 13.) Brown further testified that she did not report the accusation to the Berwick School principal, but she did report it to Franklin County Children Services. Soon thereafter, Brown used her personal cellphone to record an interaction between that student and the school's assistant principal. According to Brown, the video depicted the assistant principal physically abusing the child when he "grabbed" the child "up off of the floor and then shove[d]" the child under the assistant

principal's desk. (Tr. at 17.) Brown shared this video recording with the parent to corroborate the child's previously made accusation against the assistant principal. After Franklin County Children Services completed its investigation of the suspected child abuse that Brown reported, it informed Brown that no further action would be taken.

{¶ 5} On May 1, 2020, the commission hearing officer mailed his decision disallowing Brown's unemployment compensation benefits claim based on his finding that she was discharged for just cause in connection with work. The hearing officer determined that Brown failed to report a serious matter to her superiors. Instead of taking this required action, she independently discussed the allegations, which were ultimately demonstrated to be untrue, with the parent. The hearing officer also determined that Brown violated school policy by video recording individuals without proper authorization. Consequently, the hearing officer affirmed the director's initial determination. The commission denied Brown's request for further review. Brown then appealed to the trial court, which affirmed the commission's decision upon finding that it was not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶ 6} Brown timely appeals.

## II. Assignment of Error

{¶ 7} Brown assigns the following error for our review:

> The Common Pleas Court's review of the wh[o]le record led to an incorrect conclusion denying unemployment compensation benefits to Appellant Terressa Brown ("Brown") given the manifest weight of the evidence.

## III. Discussion

{¶ 8} In her sole assignment of error, Brown contends the trial court erred in affirming the commission's order that denied her unemployment compensation benefits claim. This assignment of error lacks merit.

{¶ 9} R.C. 4141.282 governs appeals from decisions of the commission. The statute provides:

> The court shall hear the appeal on the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission.

Otherwise, the court shall affirm the decision of the commission.

R.C. 4141.282(H). This means a reviewing court may reverse a commission decision "only if it is unlawful, unreasonable or against the manifest weight of the evidence." *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694 (1995), paragraph one of the syllabus. This standard applies in "all reviewing courts, from the first level of review in the common pleas court, through the final appeal in" the Supreme Court of Ohio. *Id.* at 696. Therefore, the focus of this court's analysis is on the commission's decision rather than the common pleas court's decision. *Houser v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-116, 2011-Ohio-1593, ¶ 7, citing *Carter v. Univ. of Toledo*, 6th Dist. No. L-07-1260, 2008-Ohio-1958, ¶ 12. And pursuant to this standard, a reviewing court "is not permitted to make factual findings or reach credibility determinations." *Houser* at ¶ 7, citing *Tzangas* at 696, citing *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18 (1985). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

**{¶ 10}** Here, Brown challenges the commission's denial of her unemployment compensation benefits claim. R.C. 4141.29(A)(5) provides that an individual is eligible for unemployment compensation benefits when that individual "[i]s unable to obtain suitable work." However, pursuant to R.C. 4141.29(D)(2)(a), a claimant is ineligible to receive such benefits if "[t]he individual * * * has been discharged for just cause in connection with the individual's work."

**{¶ 11}** The commission denied Brown's unemployment compensation benefits claim on the basis that Columbus City Schools terminated her employment for "just cause." Brown argues no evidence in the record supported this finding. She also contends her discharge violated public policy because she simply was trying to protect a child and inform a concerned parent. We are unpersuaded.

**{¶ 12}** "Just cause" occurs when an employee engages in the "type of conduct that an ordinarily intelligent person would regard as a justifiable reason for discharging an employee." *James v. State Unemp. Rev. Comm.*, 10th Dist. No. 08AP-976, 2009-Ohio-

5120, ¶ 11. Because the existence of just cause depends on the factual circumstances of each case, this determination is primarily an issue to be resolved by the trier of fact. *Id.*; *Perkins v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 18AP-900, 2019-Ohio-2538, ¶ 12. Further, "[a] just cause determination must be consistent with the purpose of the Unemployment Compensation Act, which is to provide financial assistance to individuals who become and remain involuntarily unemployed due to adverse business and industrial conditions." *Brooks v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 08AP-414, 2009-Ohio-817, ¶ 12, citing *Tzangas* at 697. "The act protects those employees who have no control over the situation that leads to their separation from employment." *Id.*, citing *Tzangas* at 697. Consequently, "[f]ault on behalf of the employee is an essential component of a just cause termination. If an employer has been reasonable in finding fault on the part of an employee, the employer may terminate the employee with just cause." *James* at ¶ 14, citing *Tzangas*.

{¶ 13} Contrary to Brown's contention, the commission's just cause finding was supported by some evidence in the record. Although Brown testified that the student made the abuse allegation during discussions involving Brown, the student, and the student's parent, the record also contains evidence that Brown reported the alleged abuse to the student's parent without following Columbus City Schools' required protocol concerning such an allegation. The hearing testimony of Baum, Columbus City Schools' manager of employer relations, indicated that Brown independently informed the parent that she observed abuse (something again Brown denies). Baum's testimony further indicated that Columbus City Schools required Brown to report this alleged abuse to the school's principal, or if necessary to the principal's superior,[1] and only to contact the student's parent with school administration present. Instead of complying with these requirements concerning alleged abuse, Brown did not notify the appropriate administrator or have an administrator present when first discussing with the parent the alleged abuse. Therefore, competent,

---

[1] This reporting requirement is independent from the duty imposed by R.C. 2151.421 on school employees, and others with special relationships with children, to report suspected child abuse "to the public children services agency or a peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred." Because the commission did not find that Brown failed to comply with this statutory duty, this requirement was not part of the commission's just cause analysis.

credible evidence in the record supported the commission's finding that Brown failed to comply with her employer's reporting requirements concerning alleged student abuse.

{¶ 14} Evidence in the record also demonstrated that Brown video recorded the student and assistant principal at the school without proper authorization and in violation of Columbus City Schools policy. The Columbus City Schools employee handbook states that unless "proper consent" is obtained, and "[e]xcept in emergency situations or as otherwise authorized by the Superintendent or as necessary to fulfill their job responsibilities, employees are prohibited from" video recording any student or staff member "in the school or while attending a school-related activity." (Record of Proceedings at E3219-B32, Use of Personal Communication Devices at 2.) In this appeal, Brown asserts she obtained written permission from the student's parent to video record him at school. But Brown admitted at the commission hearing that Columbus City Schools did not accept the signed document she produced as a valid consent because the parent signature was not on an approved form, and she does not now argue that Columbus City Schools' rejection of the proffered consent was unreasonable or otherwise improper. Additionally, Brown does not contend she obtained proper consent from the video recorded assistant principal. Thus, the record contains competent, credible evidence that Brown violated Columbus City Schools' policy concerning the video recording of individuals at school.

{¶ 15} Furthermore, we are not persuaded by Brown's argument that her discharge violated public policy. Brown's contention that her discharge violated public policy is based largely on her differences with the commission's factfinding and offers no principle or standard by which to assess the rules of which she complains. She does not sustain her legal argument.

{¶ 16} Because the trial court did not err in finding that the commission's decision denying Brown's claim for unemployment compensation benefits was not unlawful, unreasonable, or against the manifest weight of the evidence, we overrule her sole assignment of error.

## IV. Disposition

{¶ 17} Having overruled Brown's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

NELSON, J., concurs.
JAMISON, J., concurs in judgment only.

NELSON, J., retired, formerly of the Tenth Appellate District,
assigned to active duty under authority of Ohio Constitution,
Article IV, Section 6(C).

NELSON, J., concurring.

{¶ 18} I join in the decision of the court and write separately to underscore that we do not determine that there was in fact "just cause" to terminate Ms. Brown; rather, in assessing the narrow question presented to us, we understand that there was some evidence to support the commission's decision on that score. As Ms. Brown notes in her brief to us, we are not empowered in this context to "make independent factual findings or determine the credibility of the witnesses * * *." Appellant's Brief at 4. Further, while Ms. Brown disputes the commission's factual findings, she does not elaborate in her arguments here why a school rule against employees recording unauthorized video of students or staff "[e]xcept in emergency situations" cannot appropriately accommodate the important rights of parents and students: there may be good arguments to that effect (just as there may be countervailing student privacy interests), but they are not presented here or backed by citation to any authority. I concur in overruling Ms. Brown's lone assignment of error regarding her unemployment compensation claim.

JAMISON, J., concurring in judgment only.

{¶ 19} Although I concur in judgment and decision of the majority, I write separately to note that appellant was given differing instructions than other teachers. The record shows that the person against whom the complaints were lodged was a supervisor and appellant was prejudiced on her job by reporting her supervisor's alleged abuse of a student.

{¶ 20} Appellant, an Ohio educator, is a mandatory reporter and must serve as a champion against student abuse and be familiar with student behaviors that suggest abuse

and/or neglect. Educators fail to honor this obligation when they do not immediately report abuse and/or neglect to a children services agency or an officer of the peace where there is reasonable cause to suspect that a student or person with a developmental or physical disability has suffered or faces the threat of suffering abuse or neglect. Section 2151.421 of the Ohio Revised Code lists the specific occupations that are required to report and states in pertinent part that "the person making the report shall make it to the public children services agency or a municipal or county peace officer in the county in which the student resides or in which the abuse or neglect is occurring or has occurred." R.C. 2151.421(A)(1)(a). In contrast, the employer has a policy that requires the staff to report to their superior at their place of employment. The internal policy does not protect the anonymity of the reporting staff person and places the staff in conflict, in this case, with her supervisor.

{¶ 21} Appellant gained the permission of the student's parent and attempted to gather evidence to substantiate her report. The parent gave a handwritten note that was not on school letterhead, therefore, it was not accepted. The Columbus City Schools employee handbook states that "unless proper consent" is obtained, and "[e]xcept in emergency situations or as is otherwise authorized by the Superintendent or as necessary to fulfill their job responsibilities, employees are prohibited from" videorecording any student or staff member "in the school or while attending any school-related activity." (Record of proceedings at E3219-B32, Staff Use of Personal Communication Devices at 2.) This rule begs the question, who is to determine whether it is an emergency? As written, an emergency is determined by the subjective belief of the party making the recording determining the emergent nature of the incident. If that mandated reporter has opportunity to videotape when gathering evidence for the report, the school's policy puts a chilling effect on the ability of the mandated reporter to gather evidence for the report to Franklin County Children's Services, law enforcement, or the school.

{¶ 22} This rule from the school begs another question. Are we more interested in protecting alleged perpetrators or providing help for the student? Appellant failed to challenge the fact that she had a handwritten note from the parent to videotape the student to gather evidence because the parent had concerns that the student is being traumatized. But our daily news is rife with occurrences where a bystander recognized misconduct,

pulled out their cellphone, and caught on video misconduct that would not have surfaced otherwise. The chilling effect of the policy cannot be overlooked. This case gets lost in the minutia of whether the authorization for taping was on letterhead or on a single sheet of paper when the parent had concerns for the safety of their child, gave permission to videotape, and the teacher is mandated to report suspected abuse.

{¶ 23} Because the decision is legally correct and appellant should have gone through the chain of command, I write only to point out the contrast or conflict depending on your interpretation between the Ohio Revised Code and the policy of Columbus City Schools. Therefore, I concur in judgment.

_____